

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Pamela Paaso
Assistant U.S. Attorney
pamela.paaso@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 13, 2026

Elizabeth Daily
Officer of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

>      Re:    *United States v. Alvaro Carrillo,* Case No. 3:25-cr-508-MO
>             Plea Agreement Letter

Dear Counsel:

1.      **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges**:  Defendant agrees to plead guilty to Count 2 of the Indictment, which charges the felony crime of Depredation of Government Property, in violation of Title 18, United States Code, Section 1361.

3.      **Penalties**:  The maximum sentence is ten (10) years' imprisonment, a fine of up to $250,000, a maximum of a three-year term of supervised release, and a $100 special assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

   Defendant understands that pleading guilty to the charge in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

Elizabeth Daily, Plea Letter
Page 2
February 4, 2026

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: In order for defendant to be found guilty of Count Two of the Indictment, the government must prove the following elements beyond a reasonable doubt:

> First, that the defendant injured, damaged, or destroyed property;

> Second, that the defendant did so willfully;

> Third, that the property involved was property of the United States, or of any department or agency thereof, or any property which had been or was being manufactured or constructed for the United States, or any department or agency thereof; and

> Fourth, the damage or attempted damage to the property in question exceeded the sum of $1,000.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The defendant agrees that the government could prove the following facts beyond a reasonable doubt

On the morning of November 11, 2025, Border Patrol Agents were assisting Immigrations and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) teams in Salem, Oregon. Agents identified a car registered to a foreign national with an overstay visa. ERO officers initiated a traffic stop of the car which defendant was driving. Officers identified themselves and ordered defendant out of his car. Defendant put the car in drive and fled the scene. Border Patrol Agents pursued in their government SUV. At several points during the pursuit, defendant's vehicle collided with the government SUV, with one collision causing his side airbag to deploy. Defendant ultimately lost control of his car and collided with a concrete barrier. The damage to the government SUV caused by defendant exceeded $4,000.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Revised Dec. 2024

Elizabeth Daily, Plea Letter
Page 3
February 4, 2026

7.    **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2B1.1(a)(2) is a Base Offense Level of 6, prior to adjustments. The parties agree that USSG §2B1.1(b)(16)(A) applies, producing an offense level of 14.

8.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

    **\*\*EARLY RESOLUTION:** If defendant agrees to resolve his case prior to the first trial setting, the government will agree to recommend an additional two-level downward variance.

9.    **Joint Sentencing Recommendation**: The parties will jointly recommend a sentence of time-served range as long as defendant demonstrates an acceptance of responsibility as explained above.

10.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

11.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Elizabeth Daily, Plea Letter
Page 4
February 4, 2026

12.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

14.    **Restitution**: The Court shall order restitution to U.S. Customs and Border Protection in the full amount of losses as determined by the Court. Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

15.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Revised Dec. 2024

Elizabeth Daily, Plea Letter
Page 5
February 4, 2026

16.    **Deadline**:  This plea offer expires if not accepted by February 9, 2026 at 5 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

/s/ *Pamela Paaso*
Pamela Paaso
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

_1/4/2026_
Date

_Alvaro Carrillo_
Alvaro Carrillo, Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_4/1/2026_
Date

_Elizabeth Daily_
Elizabeth Daily, Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.  I fully and accurately interpreted discussions between the defendant and the attorney.

_____
Date

_____
Interpreter

Revised Dec. 2024